UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| VERDELL E. TOLES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-109 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought against the United States and a federal employee by a *pro se* plaintiff. Plaintiff initiated the action by filing a one-page complaint in the Kent County Circuit Court. The complaint, dated January 14, 2005, names as defendants the Department of Housing and Urban Development, Louis Berra (Field Office Director of the Grand Rapids office of HUD), and Carlos Sanchez (Director of the Grand Rapids Housing Commission). The complaint consists of a single sentence, set forth here verbatim:

> The defendants has caused plaintiff pain, suffering in dening plaintiff a homeless, disable person housing assistance as a disable citizen in the USA in violation of plaintiff rights under A.D.A Fair Housing the D.H.U.D. section 8, plaintiff civil rights - 76, 127.

(Complaint, attached to docket # 1). By notice of removal filed February 11, 2005, HUD and Mr. Berra removed the action from state court to this court pursuant to 28 U.S.C. §§ 1441 and 1442. By order of reference entered February 22, 2005 (docket # 7), United States District Judge David W.

McKeague referred the matter to me for entry of a report and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B).

Presently pending before the court are two dispositive motions. The first is a motion to dismiss or for summary judgment by defendants HUD and Berra. (docket # 12). Plaintiff has filed a lengthy response, with supporting documentation, to the motion. The second pending motion is plaintiff's motion for a temporary restraining order or preliminary injunction (docket # 18), in which he seeks to restrain Judge James Redford of the Kent County Circuit Court (who is not a party to this case) from taking some unspecified action. Upon review of the record, I recommend that the pending motion to dismiss be granted and that the motion for a restraining order be denied.

## **Standard Governing Motions to Dismiss**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See City of Monroe Employees Ret. Sys. v. Bridgestone, Inc.*, 399 F.3d 651, 665 (6th Cir. 2005); *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir.2003). Courts are not required to conjure up unpleaded

allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, No. 03-6447, 2004 WL 2320347, at * 2 (6th Cir. Sept. 20, 2004); *Perry v. United Parcel Servs.*, No. 03-5861, 2004 WL 193203, at * 1 (6th Cir.), *cert. denied*, 125 S. Ct. 253 (2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003) (quoting *Morgan,* 829 F.2d at 12); *see also Friedler v. Equitable Life Assurance Soc'y*, No. 02-3800, 2003 WL 23172051, at * 2 (6th Cir. Dec. 24, 2003). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "In practice, a '. . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2005).

### **Plaintiff's Allegations**

Plaintiff describes himself as a disabled person with a psychiatric history dating back to the late 1970's and alleges that he has been diagnosed with chronic paranoid schizophrenia, bipolar disorder, delusional behavior, hallucinations, deep depression, and physical ailments. These contentions are borne out by a decision of the Social Security Administration dated November 28, 2003, in which plaintiff was granted supplemental security income benefits on account of disabling schizophrenia. (docket # 16, attachment 4). Although the complaint says virtually nothing, plaintiff's lengthy memorandum in opposition to the motion to dismiss chronicles plaintiff's

unsuccessful attempts to receive housing assistance from the Grand Rapids Housing Commission. For present purposes, the court accepts as true the allegations that plaintiff is disabled and homeless and has been unsuccessful in receiving housing assistance from the Grand Rapids Housing Commission.

## Discussion

The federal defendants have filed a hybrid motion to dismiss or for summary judgment. The summary judgment motion is supported by documentation outside the pleadings. I conclude, however, that it is not necessary to reach defendants' motion for summary judgment, because plaintiff's allegations, accepted as true for present purposes, fail to state a claim for relief against defendants HUD or Berra. In coming to this conclusion, I have reviewed not only the conclusory allegations in plaintiff's complaint, but also the more detailed allegations in his response to defendants' motion.

Resolution of the motion to dismiss requires a general understanding of the Section 8 Housing Assistance Program established by Congress and implemented by regulations of the Department of Housing and Urban Development (HUD). In 1974, Congress established the Section 8 program in an effort to provide an adequate supply of housing for low-income families. HOUSING AND COMMUNITY DEVELOPMENT ACT OF 1974, PUB. L. No. 93-383, Tit. II, § 8(a) (codified at 42 U.S.C. § 1437f). Congress has amended the statute on numerous occasions in the past thirty years. The component of the Section 8 program involved in the present case is sometimes called the Section 8 Existing Housing Program, the Voucher Program, or the "Tenant-Based" Program. *See* 42 U.S.C. § 1437f(o). This program provides subsidies on behalf of low-income families to private

landlords under a system administered by local housing authorities (called "public housing agencies" or "PHAs" in the statute).

Under the provisions of Section 8 and related regulations governing the tenant-based program, HUD enters into annual contracts with PHAs to fund Section 8 vouchers. 42 U.S.C. § 1437f(o). Each PHA submits a plan to HUD describing the administrative details of the Section 8 program and its compliance with federal and state equal housing requirements. 42 U.S.C. §§ 1437c-1(b) (annual plan requirement), 1437c-1(d)(15) (civil rights certification requirement); *see also* 24 C.F.R. §§ 982.53-.54. These provisions of law require the PHA to administer its program in conformity with the Fair Housing Act, Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans With Disabilities Act. *See* 24 C.F.R. § 982.53(b)(1).

The tenant-based program under Section 8 provides assistance to "families" who qualify as "low-income" at the time of their initial occupancy of the units. 42 U.S.C. § 1437a(a)(1). As defined by statute and regulation, the term "family" denotes either a single person or a group of persons and includes groups with or without children. 42 U.S.C. § 1437a(b)(3); 24 C.F.R. § 982.201(c). To participate in a Section 8 program, an eligible family applies to a PHA. Each PHA maintains a waiting list and awards rent vouchers to eligible participants on the list. 24 C.F.R. § 982.54(d). A Section 8 family uses the voucher, together with the family's previously determined rent contribution (generally not to exceed forty percent of the family's monthly adjusted income) to pay rent to the landlord. 42 U.S.C. § 1437f(o)(3). HUD then reimburses the PHA in accordance with its contract. 24 C.F.R. § 982.151. The PHA ranks eligible families on its waiting list in accordance with preferences. The Sixth Circuit has recognized that PHAs have "wide discretion"

to devise their own set of preferences to address local needs. *United States v. Brown*, 151 F.3d 476, 485 (6th Cir. 1998). This discretion, however, is not unbounded. As noted above, each PHA must administer its plan in accordance with specified federal civil rights and fair housing laws. 42 U.S.C. § 1437c-1(d)(15); *see Comer v. Cisneros*, 37 F.3d 775, 781 (2d Cir. 1994). Additionally, the regulations contain a list of permissible and prohibited preference categories. For example, PHAs are expressly allowed to grant preferences for working families, for persons with disabilities, and for victims of domestic violence. 24 C.F.R. § 982.207(b)(2), (3), (4). Also, the PHA may prefer single persons who are elderly, displaced, homeless or disabled over other single persons. 24 C.F.R. § 982.207(b)(5).

In the City of Grand Rapids, Michigan, the designated PHA is the Grand Rapids Housing Commission. Plaintiff's response sets forth a lengthy chronicle of his dealings with the "PHA" in an effort to receive housing assistance. Neither the complaint nor response, however, alleges any act or omission by defendant HUD or Berra. This is not surprising, because HUD merely provides funds to local PHAs, who are then responsible for administering the section 8 system. HUD is not involved with screening individual applicants or in deciding which persons will or will not receive assistance. Rather, this is the obligation of the PHA, which may delegate some authority to landlords participating in the section 8 system. *See* 42 U.S.C. § 1437f(o)(6)(B).

Defendants' motion to dismiss raises a number of possible theories upon which plaintiff might be proceeding, and attempts to refute each of these unpleaded claims. The court might be obliged to engage in this level of analysis had plaintiff asserted a claim under one of the many statutes discussed in defendants' brief or had alleged an affirmative act or omission by HUD or its employees concerning plaintiff's eligibility for section 8 housing assistance. Plaintiff has

neither pleaded a claim under any of these statutes nor alleged any facts which, if true, would indicate that HUD went beyond its statutory duties of funding the PHA and approving the PHA's plan under federal guidelines. Simply put, HUD is not responsible for approving or disallowing any particular applicant's request for benefits and so cannot possibly be held liable for a denial of benefits.

### Recommended Disposition

Having reviewed all of plaintiff's allegations, wherever found, I conclude that plaintiff has failed to allege facts which, if true, would give rise to liability against HUD or defendant Berra. I therefore recommend that the federal defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (docket # 12) be granted. I further recommend that plaintiff's motion for a preliminary injunction (docket # 18) against Judge Redford, who is not even a party to this case, be denied, both because plaintiff has no valid underlying claim in this action and because this court has no jurisdiction to enjoin a non-defendant. Finally, I recommend that the claims against the only remaining defendant (Carlos Sanchez) be remanded to the Kent County Circuit Court, as Mr. Sanchez did not join in the removal notice.

Dated:  May 13, 2005                                 /s/  Joseph G. Scoville
                                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474

U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).