UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| VERDELL E. TOLES, SR., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-109 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT, et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

This is a *pro se* civil action brought against the Department of Housing and Urban Development and its local field office director, as well as the director of the Grand Rapids Housing Commission. The gravamen of plaintiff's complaint is a challenge to a decision by the Grand Rapids Housing Commission to deny plaintiff assistance under the section 8 housing program. 42 U.S.C. § 1437(f)(o). HUD and its field office director filed a motion for summary judgment, which was referred to the magistrate judge. On May 13, 2005, the magistrate judge filed a report and recommendation, concluding that plaintiff had failed to allege any facts which, accepted as true, would give rise to liability against HUD or its employee, arising from the alleged denial of plaintiff's application for section 8 benefits.

Plaintiff has now filed a notice of appeal (docket # 20) seeking review in the Court of Appeals for the Federal Circuit. Since the parties did not consent to the dispositive jurisdiction of a magistrate judge, the report and recommendation is not a final disposition of this matter, and

no court of appeals (especially the United States Court of Appeals for the Federal Circuit) has jurisdiction at this point. *See Massey v. City of Ferndale*, 7 F.3d 506, 510-11 (6th Cir. 1993); *see also Armistead v. Wadsworth*, No. 04-7371, 2004 WL 2912916, at * 1 (4th Cir. Dec. 16, 2004) ("The report and recommendation of [a] magistrate judge is neither a final order nor an appealable interlocutory or collateral order."). Where, as here, a litigant files a notice of appeal in the clear absence of jurisdiction, the district court may proceed with the case and is not divested of jurisdiction by the erroneous notice of appeal. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). In the circumstances, the court will consider the notice of appeal an objection to the report and recommendation of the magistrate judge, which this court must review under a *de novo* standard. FED. R. CIV. P. 72(b).

In his objection, plaintiff asserts that the magistrate judge refused or failed to acknowledge HUD rules and regulations placing responsibility on HUD and its officers for denial of applications by individuals. Plaintiff does not cite any such rules and regulations, and the court is aware of none. The magistrate judge accurately summarized the statutory and regulatory framework under which section 8 housing benefits are administered. In essence, the role of HUD is to approve plans submitted by public housing agencies, such as the Grand Rapids Housing Commission, and to provide funds to the housing agencies. Beyond that, the housing agencies have responsibility for processing, granting, and denying applications, in compliance with the statute, regulations, and approved plan. HUD itself does not pass upon individual applications and so is not liable for the claim of plaintiff or any other disappointed applicant. Therefore, on *de novo* review, the court concludes that plaintiff has failed to state a claim upon which relief can be granted against HUD or defendant Berra.

The court will therefore adopt the report and recommendation of the magistrate judge, overrule plaintiff's objections, and remand the claims against the director of the Grand Rapids Housing Commission to the Kent County Circuit Court, from which this case was removed.


Dated:  May 31, 2005               /s/   David W. McKeague
                                   David W. McKeague
                                   United States District Judge